Citation Nr: AXXXXXXXX
Decision Date: 10/29/21 Archive Date: 10/29/21

DOCKET NO. 190919-32212
DATE: October 29, 2021

REMANDED

Entitlement to service connection for a right shoulder disability is remanded.

Entitlement to an initial compensable rating for allergic rhinitis is remanded.

REASONS FOR REMAND

The Veteran served on active duty from August 1980 to August 2000.

This matter comes before the Board of Veterans' Appeals (Board) on appeal of a May 2019 Statement of the Case (SOC) by a Department of Veterans Affairs (VA) Regional Office (RO).

During the appeal period, the RO connected the Veteran's allergic rhinitis to her military service and rated her disability noncompensable. It also denied service connection for the Veteran's right shoulder disability. She timely disagreed. In May 2019, the RO prepared a Statement of the Case (SOC) confirming and continuing its earlier decision.

In June 2019, VA received a VA Form 9 and a VA Form 10182 on the same day. Two years later, the Board asked the Veteran to clarify whether she wanted to opt into the modernized system by using the Form 10182, or continue in the legacy system. It directed the Veteran to complete another VA Form 10182 within 60 days if she wished to proceed in the modernized review system. She did so and elected the Evidence Submission docket. Therefore, the Board may only consider the evidence of record at the time of the May 2019 SOC, as well as any evidence submitted by the Veteran or her attorney with, or within 90 days from receipt of, the VA Form 10182. 38 C.F.R. § 20.303.

Evidence was added to the claims file outside the 90-day evidentiary window. Because the Board is sending the claim back to the RO for further development, this additional evidence will be considered on remand. 

1. Entitlement to service connection for a right shoulder disability is remanded.

The Secretary must provide an exam or medical opinion when it "is necessary to make a decision on the claim." 38 C.F.R. § 5103(d). A medical exam or opinion is necessary only if the record contains (1) competent evidence of a current disability or persistent or recurrent symptoms of a disability; (2) evidence establishing that the veteran suffered an in-service event, injury, or disease; (3) an indication that the disability or persistent or recurrent symptoms of a disability may be associated with the veteran's service; and (4) insufficient competent medical evidence on file for VA to decide on the claim. 38 U.S.C. § 5103A(d); McLendon v. Nicholson, 20 Vet. App. 79, 81 (2006). The third element "requires only that the evidence 'indicates' that there 'may' be a nexus" between the Veteran's symptoms or disability and his military service. McLendon, 20 Vet. App. at 83. "This is a low threshold." Id. 

Here, the Veteran's VA medical records show a bilateral shoulder degenerative joint disease diagnosiscompetent evidence of a current disability. The Veteran contends her right shoulder disease is from her primary specialty. Specifically, she believes the wear and tear from carrying a camera, rifle, and bulletproof vest caused her shoulder problems. Consistent with this, her active duty release certificate shows she worked for almost twenty years as a combat documentation and production specialist. And she reported to her healthcare provider that she would switch her camera from shoulder-to-shoulder for comfort but would not complain about pain. "The types of evidence that 'indicate' that a current disability 'may be associated' with military service include . . . credible evidence of continuity of symptomatology such as pain." Id. Because the record lacks sufficient competent medical evidence to decide the claim, the Board finds the criteria for a medical examination met.

2. Entitlement to an initial compensable rating for allergic rhinitis is remanded.

In November 2000, the Veteran underwent a VA examination for her allergic rhinitis. There, she complained of nasal congestion and itchy eyes. Because she was not experiencing sinus problems at the time, the examiner thought her symptoms "appear[ed]" seasonal. Consistent with this, the Veteran reported that her symptoms worsened (i.e., flared-up) in the spring and summer at the next examination sixteen years later. And flares were not addressed at all during the January 2019 examination.

When an examination is not conducted during a flare-up, the examiner must ask the Veteran about the "severity, frequency, duration, precipitating and alleviating factors, and extent of functional impairment of flares." Sharp v. Shulkin, 29 Vet. App. 26, 34-35 (2017); Ardison v. Brown, 6 Vet. App. 405 (1994). The examiner must then offer a flare opinion based on evidence from relevant sources, including the veteran's lay statements. Id. Because no examiner has opined on the severity of the Veteran's symptoms during a flare-up, the Board cannot make a fully informed decision on whether an initial compensable rating is warranted and must remand for an addendum medical opinion.

The matters are REMANDED for the following action:

1. Schedule the Veteran for a VA examination to determine the nature and likely etiology of her right shoulder disability. The claims file should be made available to and reviewed by the examiner. All necessary diagnostic testing should be accomplished.

The examiner should provide an opinion on whether it is at least as likely as not (50 percent probability or greater) that the Veteran's right shoulder disability had its clinical onset during service or is due to an event or incident of the Veteran's period of active service.

In the opinion, the examiner should address the medical articles submitted by the Veteran in the May 2020 Supplemental Statement of the Case (SSOC) Reply.

A clear rationale for all opinions would be helpful and a discussion of the facts and medical principles involved would be of considerable assistance to the Board.

2. Then, arrange for an appropriate healthcare provider to review the Veteran's claims file. The examiner should address the Veteran's seasonal allergic rhinitis flare-ups, and their severity, frequency, duration, precipitating and alleviating factors and extent of functional impairment. If feasible, the examiner should provide an opinion on whether it is at least as likely as not (50 percent probability or greater) that the Veteran's sinus symptoms during a flare would result in (1) polyps, (2) greater than 50 percent obstruction of the nasal passage on both sides, or (3) complete obstruction on one side.

If an opinion cannot be given without resorting to speculation, the examiner should explain why and state whether the need to speculate is due to a deficiency in the state of general medical knowledge (no one could respond given medical science and the known facts), the record (additional facts are required), or the examiner (does not have the knowledge or training). 

If the reviewing health care provider finds that physical examination or telehealth interview of the Veteran and/or diagnostic testing is necessary, such should be accomplished.

A clear rationale for all opinions would be helpful and a discussion of the facts and medical principles involved would be of considerable assistance to the Board.

 

M. Donohue

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board C. Canedy, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.